**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHANIKA PARHAM** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | **Civil Action No.** |
| **TRANS UNION, LLC,** ) | |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES LLC,** ) | |
| **and** ) | |
| **ALLIANCEONE RECEIVABLES** ) | |
| **MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

### I.   Preliminary Statement

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended,* and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA").

### II.   Jurisdiction and Venue

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4.      Plaintiff Shanika Parham is an adult individual who resides in the State of California.

5.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.      Defendant Equifax Information Services LLC (hereafter "EQ") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7.      Defendant AllianceOne Receivables Management, Inc. (hereafter "AllianceOne") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 4850 E. Street Road, Suite 300, Trevose, PA 19053. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.    Factual Allegations

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") from at least October 2016 through the present.

9.      The inaccurate information includes, but is not limited to, accounts with AllianceOne, Allied Credit Seattle, Credit Bureaus Fresno Credit Bureau, Cypress Professional Ser and personal identifying information.

10.     The AllianceOne account arose out of a transaction which was primarily for personal, family or household purposes.

11.     At all times pertinent hereto, Plaintiff was not responsible for any debt.

12.     Notwithstanding the above, AllianceOne has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to TU and EQ when they knew or should have known that the debt did not belong to Plaintiff.

2

13.     Alternatively, due to Defendants TU and EQ's faulty procedures, Defendants TU and EQ mixed the credit file of Plaintiff and that of another consumer with respect to the debt.

14.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

15.     TU and EQ have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least October 2016 through the present.

16.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

17.     Plaintiff's credit reports and file have been obtained from TU and EQ and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from TU and EQ by such third parties from at least October 2016 through the present.

18.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

19.     Defendants knew of should have known that their actions violated the FCRA and/or FDCPA. Additionally, Defendants could have taken the steps necessary to bring their

agents' actions within compliance of the statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

20.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.     At all times pertinent hereto, the conduct of the Defendants as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     Claims

### COUNT ONE – Violations of the FCRA
### Plaintiff v. TU and EQ

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At all times pertinent hereto, TU and EQ were "persons" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TU and EQ are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b).

27.     The conduct of TU and EQ was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO – Violations of the FDCPA
**(Plaintiff v. AllianceOne)**

28.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.    AllianceOne is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

30.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31.    The above reporting of the inaccurate information to credit reporting agencies by AllianceOne is "communication" relating to "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

32.    Any alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

33.    AllianceOne violated the FDCPA. AllianceOne's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

a.    The false representation of the amount, character or legal status of a debt;

b.    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

c.    Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

34.     AllianceOne's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

35.     As a result of the above violations of the FDCPA, AllianceOne is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.   <u>JURY TRIAL DEMAND</u>

36.     Plaintiff demands trial by jury on all issues so triable.

## VII.   <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o and 15 U.S.C. 1692k(a)(3); and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark D. Mailman_
MARK D. MAILMAN, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

Dated: November 30, 2016